## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY BENNETT | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | DOCKET NO. |
| | : | |
| DOLLAR GENERAL, INC. & | : | **NOTICE OF REMOVAL** |
| DOLGENCORP, LLC. | : | |
|     Defendants | : | |

**TO:  THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**ON NOTICE TO:**
Marc F. Greenfield, Esquire
Spear Greenfield Richman Weitz & Taggart PC
Two Penn Center Plaza, Ste. 200
1500 JFK Blvd.
Philadelphia, PA 19102
*Attorney for Plaintiff*

PLEASE TAKE NOTICE that Defendant Dolgencorp, LLC (hereinafter "Removing Defendant") hereby removes this action to this Federal Court pursuant to 28 U.S.C. §1332, 1441 and 1446, with full reservation of any and all defenses and objections.

In support of this Notice of Removal, Removing Defendant respectfully submits as follows:

1.      On June 27, 2019 Plaintiff filed a formal Complaint sounding in premises liability/negligence in the Court of Common Pleas for Philadelphia County styled *Larry Bennett v. Dollar General, Inc. & Dolgencorp, LLC*, June Term 2019 No: 6433.  A copy of the Complaint is attached and marked as Exhibit "A."

2.      The Complaint contains no specific prayer for relief other than an allegation the value of the claim exceeds $50,000/the limits for local state court mandatory arbitration. Id.

3.      Removal is timely pursuant to 28 U.S.C. §1446(b) in that this Petition is being filed within thirty (30) days after Defendant received the initial pleading setting forth the claim for relief upon which the action is based.

4.      The Court of Common Pleas for Philadelphia County is located within the district for the United States District Court for the Eastern District of Pennsylvania.

5.      This Court has jurisdiction pursuant to 28 U.S.C. §1332, in that the true parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.      The Complaint does not contain a specific prayer for relief other than allegations the value exceeds the local jurisdictional amount for arbitration of fifty thousand ($50,000.00) dollars. See Exhibit "A."

7.      Plaintiff's Complaint alleges damages to include: serious and permanent injuries. . . multi-level lumbar and cervical disc protrusions, multi-level lumbar and cervical disc bulges, lumbar and cervical radiculopathy, right knee and shoulder sprain and strain. . . great pain, anguish, sickness and agony for an indefinite time. . . great financial detriment and loss. . . great loss of earnings and/or earning capacity. Id. at paragraph 10-13.

8.      A review of the allegations of the Complaint provides a good faith basis to determine an amount in controversy in excess of $75,000.  See e.g. Lewis v. FCA US LLC, 2015 U.S. Dist. LEXIS 78214 (E.D.Pa. 2015).

9.      According to the Complaint, Plaintiff is an adult individual citizen of the Commonwealth of Pennsylvania who resides and is domiciled in Philadelphia, Pennsylvania. See Exhibit "A."

10.     Defendant Dolgencorp, LLC is a single member, manager managed limited liability company organized under the laws of Kentucky with its principle place of business in Tennessee and, therefore, citizens of those states in accordance with 28 U.S.C. §1332.

11.     Dolgencorp, LLC's single member is Dollar General Corporation which is an entity incorporated, and with a principal place of business in Tennessee and, therefore, citizens of those states in accordance with 28 U.S.C. §1332.

12.     Defendant Dollar General, Inc. is alleged to be responsible for the premises.  See Exhibit "A" at paragraph 2 and Count One.

13.     Any business entity registered with the Commonwealth of Pennsylvania known as "Dollar General Inc." is not now, not have ever been, related to or affiliated with Dolgencorp, LLC. See Affidavit of David Bengtson attached as Exhibit "B" also filed in the matter of Scherl v. Waltco Truck Equipment, Co et al, 2:19-CV-00377 at Document [14].

14.     A party who asserts that a defendant is improper or fraudulently joined must sufficiently support their contention in order to properly excuse their failure to participate in the action. See Katz v. Grayling Corp., 2007 WL 4530997, at 2 (E.D.Pa. Dec.20, 2007).

15.     Dollar General Corporation is the correct parent of "Dolgencorp, LLC" but Dollar General Corporation has no operating interest in any retail store trading as "Dollar General" would therefore, also be an improper party.

16.     It is "deeply ingrained in our economic and legal systems that a parent corporation ... is not liable for the acts of its subsidiaries." Pearson v. Component Tech. Corp., 247 F.3d 471, 484 (3d Cir.2001).

17.     Defendant "Dolgencorp, LLC" is the sole legal entity who operates stores trading as "Dollar General" in the Commonwealth of Pennsylvania.

18.     Diversity exists as to the sole proper defendant.  <u>See</u> 28 U.S.C. §1332(a)(2); *Moore's Federal Practice* § 107.14(2)(c) ("a federal district court has original jurisdiction of all civil actions in which the amount in controversy is satisfied and the action is between citizens of the state and citizens or subjects of a foreign state.  This judicial power has often been referred to as alienage jurisdiction.")

19.     Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings and Orders that have transpired in the State Court Action have been attached at Exhibit "A."

20.     In compliance with 28 U.S.C. §1446(d), Removing Defendant will, upon receipt of a federal court docket number, promptly serve the Prothonotary for the Court of Common Pleas for Philadelphia County with a true copy of the within Petition for Removal.

WHEREFORE, the Removing Defendant hereby gives notice that the above action now pending against it in the Court of Common Pleas for Philadelphia County is removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**PISANO LAW FIRM**

By:     _____
        Matthew T. Pisano, Esquire (MP8104)
        Attorneys for Defendant
        Dolgencorp, LLC

Date: 7/24/19

EXHIBIT A

**SPEAR GREENFIELD**
**RICHMAN WEITZ & TAGGART, P.C.**
BY:    MARC F. GREENFIELD, ESQUIRE
I.D. NO.: 62081
Two Penn Center Plaza, Suite 200
1500 J.F.K. Boulevard
Philadelphia, PA 19102
(215) 985-2424

**MAJOR JURY**

Attorney for plaintiff

| | |
|---|---|
| **LARRY BENNETT**<br>2665 Elbridge Street<br>Philadelphia, PA 19149 | COURT OF COMMON PLEAS<br>COUNTY OF PHILADELPHIA<br>CIVIL TRIAL DIVISION |
| v. | |
| **DOLLAR GENERAL, INC.**<br>101 E. Olney Avenue<br>Philadelphia, PA 19120<br>&<br>**DOLGENCORP, LLC.**<br>c/o Corporation Service Company<br>251 Little Falls Road<br>Wilmington, DE 19801 | No. 190606433 |

ATTEST
JUN 27 2019
REINSTATED
JUDICIAL RECORDS
D. SAVAGE

## COMPLAINT IN PERSONAL INJURY
## 2S PREMISES LIABILITY

<table>
<tr><th>NOTICE</th><th>ADVISO</th></tr>
<tr><td>

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE
PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
One Reading Center
*Philadelphia, Pennsylvania 19107*
(215) 238-6333
TTY: (215) 451-6197

</td><td>

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días, de plazo al partir de la fecha de la demanda y la notificatión. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL:

ASSOCIACION DE LICENCIADOS DE FILADELFIA
SERVICIO DE REFENCIA E INFORMACION LEGAL
One Reading Center
*Filadelfia, Pennsylvania 19107*
Teléfono: (215) 238-6333
TTY: (215) 451-6197

</td></tr>
</table>

1.      Plaintiff, Larry Bennett, is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2.      Defendant, Dollar General, Inc., is a business entity doing business in the Commonwealth of Pennsylvania with an address listed in the caption of this complaint, and which at all times material hereto was the owner, operator, maintainor, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and or safety of the premises located at or near 6583 Roosevelt Boulevard, Philadelphia, PA (hereinafter referred to as "premises").

3.      At all times material hereto defendant, Dollar General Inc., was acting individually, jointly and/or by and through defendant's agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises.

4.      Defendant, DOLGENCORP, LLC, is a business entity doing business in the Commonwealth of Pennsylvania with an address listed in the caption of this complaint, and which at all times material hereto was the owner, operator, maintainor, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and or safety of the premises located at or near 6583 Roosevelt Boulevard, Philadelphia, PA (hereinafter referred to as "premises").

5.      At all times material hereto defendant, DOLGENCORP, LLC, was acting individually, jointly and/or by and through defendant's agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises.

6.      On or about January 4, 2018 plaintiff, Larry Bennett, was an invitee, licensee and/or otherwise legally on defendant's premises, when, as a result of the negligence and/or carelessness of the defendants, the plaintiff slipped and fell on water on the floor by the main entrance of the

premises.

7.      As a result of this accident, the plaintiff suffered severe and permanent bodily injury as more fully set forth at length below.

## COUNT I
### Larry Bennett v. Dollar General Inc.
### Personal Injury

8.      Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

9.      The negligence and/or carelessness of defendant consisted of the following:

    a.      Failure to properly design, construct, maintain, and/or repair the premises, floors, hallways, pathways, aisles and/or walkways over which invitees, licensees and/or others are likely to travel rendering the premises unsafe;

    b.      Failure to properly monitor, test, inspect or clean the premises, floors, hallways, pathways, aisles and/or walkways to see if there were dangerous or defective conditions to those legally on the premises;

    c.      Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises, floors, hallways, pathways, aisles and/or walkways to such invitees, licensees and/or others legally on the premises;

    d.      Failure to barricade and/or block-off the defective and/or dangerous area of the premises floors, hallways, pathways, aisles and/or walkways;

    e.      Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers,

- 3 -

accidents and/or injuries that could occur as a result of the conditions on the premises, floors, hallways, pathways, aisles and/or walkways;

f.   Failure to comply with all building codes, county and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g.   Failing to exercise the proper care, custody and control over the aforesaid premises;

h.   Failure to inspect, maintain and/or repair known and/or unknown defects; and,

i.   Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

10.   As a direct result of the negligent and/or careless conduct of defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: multi-level lumbar disc protrusions, multi-level lumbar disc bulges, lumbar radiculopathy, lumbar sprain and strain, multi-level cervical disc protrusions, multi-level cervical disc bulges, cervical radiculopathy, cervical sprain and strain, right knee sprain and strain, right shoulder sprain and strain and any other ills, injuries, all to plaintiff's great loss and detriment.

11.   As a result of these injuries, all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time.

12.   As an additional result of the carelessness and/or negligence of defendant, plaintiff

- 4 -

has suffered emotional injuries along with the physical injuries suffered.

13.     As a further result of the injuries sustained, the plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to the further loss and detriment of the plaintiff.

14.     Furthermore, in addition to all the injuries and losses suffered, the plaintiff has incurred or will incur medical, rehabilitative and other related expenses in the amount equal to and/or in excess of any applicable health insurance coverage for which plaintiff has not been reimbursed and upon which the plaintiff makes a claim for payment in the present action.

**WHEREFORE,** plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable costs and any other relief the court deems necessary.

### COUNT II
### Larry Bennett v. DOLGENCORP, LLC
### Personal Injury

15.     Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

16.     The negligence and/or carelessness of defendant consisted of the following:

a.     Failure to properly design, construct, maintain, and/or repair the premises, floors, hallways, pathways, aisles and/or walkways over which invitees, licensees and/or others are likely to travel rendering the premises unsafe;

b.     Failure to properly monitor, test, inspect or clean the premises, floors, hallways, pathways, aisles and/or walkways to see if there were dangerous or defective conditions to those legally on the premises;

- 5 -

c.   Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises, floors, hallways, pathways, aisles and/or walkways to such invitees, licensees and/or others legally on the premises;

d.   Failure to barricade and/or block-off the defective and/or dangerous area of the premises floors, hallways, pathways, aisles and/or walkways;

e.   Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises, floors, hallways, pathways, aisles and/or walkways;

f.   Failure to comply with all building codes, county and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g.   Failing to exercise the proper care, custody and control over the aforesaid premises;

h.   Failure to inspect, maintain and/or repair known and/or unknown defects; and,

i.   Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

17.   As a direct result of the negligent and/or careless conduct of defendant, the plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not

<u>V E R I F I C A T I O N</u>

The undersigned, plaintiff in this action, verifies that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signor. Signor verifies that the within pleading, as prepared by counsel, is true and correct to the best of signor's knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signor has relied upon counsel in taking this verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA

**SPEAR GREENFIELD**
**RICHMAN WEITZ & TAGGART, P.C.**
BY: MARC F. GREENFIELD, ESQUIRE
I.D. #62081
2 PENN CENTER
1500 JOHN F. KENNEDY BLVD, STE 200
PHILADELPHIA, PA 19102
(215) 985-2424                                          ATTORNEY FOR PLAINTIFF

### Plaintiff(s) Interrogatories Directed To Defendant(s)
### *Premises Liability Cases*

Plaintiff hereby makes demand that the Defendant(s) answer the following Interrogatories pursuant to the Pennsylvania Rules of Civil Procedure 4001 et seq. These Interrogatories must be answered as provided in Pa. R.C.P. 4006 and the Answers must be served on all other parties within thirty (30) days after the Interrogatories are deemed served.

These Interrogatories are deemed to be continuing as to require the filing of Supplemental Answers promptly in the event Defendants or their representatives (including counsel) learn additional facts not set forth in its original Answers or discover that information provided in the Answers is erroneous. Such Supplemental Answers may be filed from time to time, but not later than 30 days after such further information is received, pursuant to Pa. R.C.P. 4007.4.

These Interrogatories are addressed to Defendants as a party to this action; Defendants' answers shall be based upon information known to Defendants or in the possession, custody or control of Defendants, their attorney or other representative acting on their behalf whether in preparation for litigation or otherwise. These Interrogatories must be answered completely and specifically by Defendants in writing and must be verified. The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to answer each interrogatory as completely as possible. The omission of any name, fact, or other item of information from the Answers shall be deemed a representation that such name, fact, or other item was not known to Defendants, their counsel, or other representatives at the time of service of the Answers.

### BACKGROUND

1. Please identify if you are an individual, corporation or partnership:

    (a)     If an individual:

        (1) full name (maiden name, if applicable)

        (2) alias(es)

    (3) date of birth

    (4) residence and business addresses at time of the alleged accident and currently.

  (b) If a corporation:

    (1) registered corporation name

    (2) principal place of business

    (3) registered address at the time of the alleged accident and currently.

  (c) If a partnership:

    (1) registered partnership name

    (2) principal place of business

    (3) registered address at the time of the alleged accident and currently

    (4) the identities and residence addresses of each partner at the time of the alleged accident and currently.

2. Has a claim been made or a lawsuit filed against you for personal injury involving the location of the alleged accident within the last 10 years?  If so, state:

 (a) By whom;

 (b) The Commonwealth or State, County, Court, Term and Number of any lawsuits arising from that cause of action;

 (c) The outcome of the claim/lawsuit.

3. Have you been convicted of or pleaded guilty or nolo contendere to any crime(s) in the past ten (10) years to any crime(s) involving dishonesty or false statements as provided in Pa.R.E. 609, or has last date of confinement for said crime(s) been within the past ten (10) years?

4.    Identify:

    (a)    Your applicable insurance carrier at the time of the alleged accident;

    (b)    Your applicable liability insurance coverage limits at the time of the alleged accident;

    (c)    Your applicable umbrella and/or excess liability insurance coverage limits at the time of the alleged accident;

    (d)    If self-insured, for all or any monetary part of a liability claim, so state (including the limits).


**ACCIDENT INFORMATION**

5.    At the time of the alleged accident, was the location of the alleged accident possessed, controlled and/or maintained by the defendant(s)?  If not, identify who did possess, control and/or maintain them.


6.    Is the location of the alleged accident owned or leased by the defendant(s)?  If leased, state:

    (a)    From whom said location of the alleged accident are leased;


    (b)    Dates of said lease.

7.    Identify the person(s), including name, title, residence and business address(es), who last maintained and/or cleaned the location of the alleged accident.


8.    State the name, home and business addresses of the following:

    (a)    Those who actually witnessed the alleged accident;

(b)    Those who were present at or near the scene at the time of the alleged accident;

(c)    Those who have any knowledge or information as to any facts pertaining to the circumstances and/or manner of the happening of the alleged accident and/or the nature of the injuries sustained in the alleged accident;

(d)    The person(s) who last examined/inspected the place where the alleged accident occurred before the alleged accident;

(e)    The person(s) who last examined/inspected the place where the alleged accident occurred after the alleged accident;

(f)    Are any of the people listed in the preceding answers to interrogatories relatives, agents, servants, employees, the spouse, and/or representatives of the Defendants(s)?

9.    At the time of the alleged accident or immediately thereafter, did you have any conversation(s) with or make any statement(s) to any of the parties or witnesses, or did any of them make any statement(s) to you or in your presence? If so, state the substance of any such conversation(s) or statement(s) and identify in whose presence it/they occurred.

10.    Did Defendant, or anyone acting on behalf of the Defendant, receive any reports or complaints from any source during the six (6) months prior to the alleged accident, concerning the conditions of the location of the alleged accident? If so, state:

(a)    When;

(b)    From who received;

(c)    The nature of each such report or complaint;

(d)    Any action(s) taken by defendant in response thereto;

(e)    The name, address and job title of the person(s) who has custody, possession and/or control of such reports or complaints.

11.  Were any repairs or changes made to the location of the alleged accident after the accident occurred?  If so, state:

(a)  When they were made;

(b)  The kind of repairs or changes made;

(c)  Who made such repairs or changes;

(d)  Whose decision it was to initiate the repairs or changes.

12.  State any violations of City Ordinances or Codes for which Defendant or anyone acting on Defendant's behalf were cited regarding the alleged accident as well as the dates of said violations.

13.  Were there any signs, barriers or anything else at or near the scene of the alleged accident warning of the conditions existing thereon?  If so, state:

(a)  When said warnings were placed at the scene and by whom;

(b)  Describe exactly what the warning was and the exact dimensions of said warning;

(c)  The exact location of said warning.

14.  Do you know of anyone who is in the possession, custody and/or control of any photographs, sketches, reproductions, charts, maps or diagrams of the scene of the accident?  If so, state:

(a)  The date(s) they were taken or made;

(b)  The name, title, residence and business address of the person(s) taking them and in the possession, custody and/or control of them;

(c)     The subject or object of the particular site or view of each of them.

15.   Was any videotaping performed on the day of this alleged accident at the location where the alleged accident occurred?  If so, state:

(a)     Whether there is any type of log, record, compilation or other documentation of the videotaping performed;

(b)     Who has custody, possession and/or control of the recording(s).

16.   What were the weather conditions on the day of and the day before the alleged accident?

17.   Do you allege that the weather conditions contributed to the happening of Plaintiff(s) alleged accident?

18.   Do you believe the Plaintiff did anything to contribute to the alleged accident? If so, describe what actions contributed to the alleged accident.

## MISCELLANEOUS

19.   If you have engaged, or expect to engage, healthcare professionals and/or other expert witnesses (e.g. accident reconstructionists), whom you intend to have testify or whose report you intend to submit at trial on your behalf on any matter pertaining to this action, state:

(a)     The name of the expert;

(b)     The expert's professional address;

(c)     The expert's occupation;

(d)     The expert's specialty;

(e)     The expert's qualifications (e.g. Curriculum Vitae);

(f)     The topic or subject matter upon which expert is expected to testify;

(g)     The substance of the facts to which the expert is expected to testify;

(h)     The substance of the opinion to which the expert is expected to testify;

(i)     A summary of the grounds for each opinion the expert is expected to testify.

20.     Have you, your attorney or any representative of yours, conducted any sound, photographic, motion picture film, personal sight or any other type of surveillance of the Plaintiff(s)?

21.     From the time of the accident to the present have you had or do you have any social media accounts such as Facebook, Instagram, Twitter, etc?  If so, identify all of your social media accounts.

22.     State the name and address of the person answering these Interrogatories and his/her relationship to the Defendant.

_____

**Esquire**

**Attorney ID#:**

I _____, subject to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities, state the attached answers and/or documents are submitted in response to the foregoing Interrogatories and/or Requests for Production of Documents and that to the best of my knowledge, information and belief they are true and complete.

_____

Signature

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA

SPEAR GREENFIELD
RICHMAN WEITZ & TAGGART, P.C.
BY: MARC F. GREENFIELD, ESQUIRE
I.D. #62081
2 PENN CENTER
1500 JOHN F. KENNEDY BLVD, STE 200
PHILADELPHIA, PA 19102
(215) 985-2424                                    ATTORNEY FOR PLAINTIFF

PLAINTIFF(S) REQUEST FOR PRODUCTION
OF DOCUMENTS DIRECTED TO DEFENDANT(S)

You are requested to produce, in accordance with Pennsylvania Rule of Civil Procedure 4009, the originals or clear, readable copies of the below listed documents and/or items unless protected by attorney-client privilege or work-product doctrine. These documents and/or items will be examined and/or photocopied; photograph negatives will be processed and photographs reproduced, videotapes and audiotapes shall be viewed and/or heard and a copy made. The below listed documents and/or items are to be produced at Plaintiff's counsel's office on or before thirty (30) days from the date of service herein. Such request is continuing up to and at the time of trial.

**DEFINITIONS**

A.      "You" or "your" refers to Defendant(s) herein and to all other persons acting or purporting to act on behalf of Defendant(s), including agents and employees.

B.      "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, correspondence, notes, telegrams, telexes, advertisements, facsimiles, e-mail, or other forms of verbal and/or communicative intercourse.

C.      "Documents" shall mean all written or graphic matter of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including but not limited to: written communications, letters, correspondence, facsimiles, e-mail, memoranda, minutes, notes, films, recordings of any type, transcripts, contracts, agreements, purchase or sales orders, memoranda of telephone conversations or personal conversations, diaries, desk calendars, interoffice communications, reports, studies, bills, receipts, checks, checkbooks, invoices, requisitions or material similar to any of the foregoing however denominated, by whomever prepared, and to whomever addressed, which are in your possession, custody or control.

D.      "Persons" means an individual, corporation, partnership, trust, association, company, organization, or any form of a business or commercial entity.

E.      For purposes of this discovery request "Identify" is defined as the following:

    (1)     *when used with respect to an individual*, means to state (a) their name; (b) business affiliation and official title and/or position; and (c) their last known residential and business address.

    (2)     *when used with respect to a document*, means to state (a) the type of document (e.g. letter, memorandum, hand-written note, facsimile, e-mail) (b) its date of origin or creation; (c) its author and addressee; (d) its last known custodian or locations; and (e) a brief description of its subject matter and size.  In lieu of identifying any document(s), you may attach a copy of it to your answer, indicating the question to which it is responsive.

    (3)     *when used with respect to a company or other business entity*, means to state, (a) the company's legal name, any former names, and the name under which it trades or does business; (b) the address of its principal place of business; and (c) the identity of its chief executive officer.

F.    "Relate to" means consist of, refer to, reflect or be in any way logically connected with the matter discussed.

G.    The period of time encompassed by these requests shall be from the date of the alleged accident to the date of answering, unless otherwise indicated. Note, this request is continuing up to and at the time of trial.

H.    For purposes of the Rule, a statement includes:

(1) A written statement, signed or otherwise adopted or approved by the person making it, or

(2) A stenographic, mechanical, electronic, videographic or other recording, or a transcript thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

**REQUESTS**

1.    The claims and investigation file or files including but not limited to daily activity sheets, diary sheets, and status sheets of any insurance adjuster and/or risk employee/manager, internal memoranda regarding this claim created, sent and/or received by any insurance adjuster or other adjuster, risk employee/manager and/or by the Defendant(s) or an agent/employee of the Defendant(s), communications to and from all insurance carriers, parties, Defendant(s), or potential parties, request(s) for investigation, and/or reports/findings of investigators, both in-house and/or independent and/or all insurance policies of the Defendant(s), excluding references to mental impressions, conclusions, or opinions representing the value or merit of the claim or defense or respecting strategy or tactics and privileged communications from counsel.

2.     All statements and communications of any and all witnesses including any and all statements of Plaintiff(s) and Defendant(s), including taped recordings, whether transcribed or not, as well as all written statements.

3.     The name, home and business address, background and qualifications of any and all persons retained by the Defendant(s), who in anticipation and/or preparation of litigation, are expected to be called to trial.

4.     Any and all documents and communications containing the name and home and business addresses of all individuals contacted as potential witnesses.

5.     Reports, non-privileged communications, and/or documents prepared by any and all experts who are expected to testify at trial or whose reports are expected to be submitted at trial.

6.     Resumes and qualifications of any and all experts who are expected to testify at trial or whose reports are expected to be submitted at trial.

7.     Copies of any and all photographs, diagrams, drawings, charts, models, movie films or video-tapes which relate, refer or pertain to Plaintiff(s), any other party to this action, the alleged accident site and/or any instrumentality involved in the alleged accident described in Plaintiff(s) Complaint.

8.     Any and all documents and communications substantiating any defense to Plaintiff's cause of action.

9.      Copies of any relevant reports and records prepared by any physician, hospital or healthcare provider who has examined Plaintiff(s) three (3) years prior to the injury and at any time subsequent to the injury, excluding those reports and records already provided by Plaintiff(s) to Defendant(s).

10.     Central indexing information on Plaintiff(s) for this alleged accident, alleged prior accident(s), and alleged subsequent accident(s).

11.     Verification of the policy limits for liability benefits, medical payments and any "umbrella" or excess benefits, including applicable policy declarations page.

12.     Copies of internal memoranda, inter-office memos, facsimiles, e-mail or other documents or communications regarding this claim, made by the Defendant(s) and/or any agent and/or employee of Defendant(s), or their insurance carrier(s).

13.     Any and all reports, communications and/or documents prepared by Defendant(s) or their employee(s)/agent(s) containing the facts, circumstances and causes of this alleged accident.

14.     Any and all documents of any nature whatsoever which refer in any way to the alleged accident described in Plaintiff(s) Complaint and/or the facts or circumstances leading up to and following said alleged accident.

15.     All property damage estimates rendered for any object belonging to the Plaintiff(s) and/or Defendant(s) which was involved in this alleged accident.

16.    Any and all press releases concerning this alleged accident.

17.    Any and all documents or other tangible materials of any nature whatsoever which you plan to have marked for identification at a deposition or trial, introduce into evidence at a deposition or trial, or about which you plan to question a witness at a deposition or trial.

18.    Any and/or all documents or communications of any nature whatsoever which relate, refer or pertain to Plaintiff(s), any other party to this action, the alleged accident, alleged accident site and/or any instrumentality involved in the alleged accident.

19.    All documents and/or communications relating to any facts on the basis of which it is asserted that the conduct of the Plaintiff(s) contributed to the happenings of the alleged occurrence or to the alleged injuries or losses suffered allegedly as a result of this accident.

20.    If at or shortly before the alleged accident, you were using any functions on your cell phone or on any portable handheld electronic device, please provide your cell phone or electronic device records for the date of the accident.

21.    Any and all documents of any nature whatsoever referred to in Defendant's(s') Answers to Plaintiff's(s') Interrogatories.

These requests are deemed to be continuing insofar as if any of the above is secured subsequent to the date herein for the production of same, said documents, photographs, statements, reports, etc., are to be provided to Plaintiff's counsel consistent within the applicable Rule of Civil Procedure.

_____

Esquire

Attorney ID#:

I _____, subject to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities, state the attached answers and/or documents are submitted in response to the foregoing Interrogatories and/or Requests for Production of Documents and that to the best of my knowledge, information and belief they are true and complete.

_____

Signature

<u>**PLAINTIFF'S SUPPLEMENTAL INTERROGATORIES**</u>
<u>**AND REQUESTS FOR PRODUCTION OF DOCUMENTS**</u>
<u>**Premises Liability Cases**</u>

S1. (ROG)   If you know of the existence of any photographs, diagrams, drawings, charts, models, movie films, videotape and/or electronic copies of documents described in plaintiff's request for production of documents, but are unable to produce said objects during discovery please identify the believed whereabouts of the objects, a description of said objects including what they portray, the author or producer of said objects and the time when the objects were created or produced.

S2. (ROG)   Please identify the date of arrest, charges brought against you, date of conviction, if any, charges convicted of, sentence imposed and sentence served for any crimes within the last ten (10) years.

S3. (ROG)   Please identify all other accidents and/or injuries the defendant believes plaintiff has experienced either before or after the subject accident by providing the date, time and place of each accident, a list of each injuries sustained and a description of the medical treatment and providers received.

S4. (PRD)   If the native or original format of any of the documents, photographs, etc. referred to in plaintiff's requests for production are available in a digital format such as a gif, jpeg, pdf or other file format, defendant(s) is hereby requested to produce by either a disc (floppy, CD, DVD, etc.) or email attachment (to mfg@injuryline.com) containing the native digital files for said document and, if a special format, a reader to view same.

## PLAINTIFF'S REQUESTS FOR ADMISSIONS – SET I
### Premises Liability Cases

REQUESTS FOR ADMISSION TO EACH DEFENDANT PURSUANT TO Pa.R.C.P. 4014:

1.   There are no other persons or other entities in addition to the defendants named in the Complaint who the answering defendant claims is responsible for the care, maintenance and/or repair of the premises identified in the Complaint.

2.   There were no video cameras or other recording devices which, if working, would have recorded the area of where plaintiff's accident occurred at the time of said accident.

3.   There were video cameras or other recording devices which recorded the area of where plaintiff's accident occurred at the time of said accident, but said devices were inoperable at said time.

4.   There were video cameras or other recording devices which recorded the area of where plaintiff's accident occurred at the time of said accident and said devices were operable at said time but no video or other media was recoverable from said devices.



# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN SCHERL<br>    Plaintiff | : |
| | : |
| | : |
| v. | :    CASE 2:19-CV-00076-JD |
| | : |
| WALTCO TRUCK EQUIPMENT CO. | : |
| AND WALTCO LIFT CORPORATION | : |
| AND HIAB USA, INC. AND | : |
| DOLGENCORP, LLC AND DOLLAR | : |
| GENERAL CORPORATION AND | : |
| DOLLAR GENERAL, INC. AND | : |
| MURU ASSOCIATES, LP. | : |
|     Defendants | : |

## AFFIDAVIT

I, David Bengtson, being of full age, do hereby attest as follows:

1.    I am employed by Dolgencorp, LLC as Director, General Liability Claims, and have the information and authority to make this Affidavit.

2.    "Dollar General Corporation" is the parent of a subsidiary known as "Dolgencorp, LLC."

3.    Dolgencorp, LLC operates retail stores trading as "Dollar General" within the Commonwealth of Pennsylvania.

4.    I have reviewed the above captioned Plaintiff's Complaint filed in the Pennsylvania Court of Common Pleas for Philadelphia County.

5.    I have reviewed Plaintiff's Motion for Remand filed in this Honorable Court to include Exhibit "B" attached thereto which purports to be an online search of corporations registered with the Commonwealth of Pennsylvania.

6.    Any business entity registered with the Commonwealth of Pennsylvania known as "Dollar General Inc." is not now nor has ever been, related to, or affiliated with Dolgencorp, LLC.

7.   The individual identified in the Pennsylvania Search as "G Mirani" and the addresses of "415 32nd St. Suite 306 Union City, NJ 07087" or "101 E. Olney Ave 1 Olney Plaza Philadelphia, PA 19102" are not now, nor have ever been affiliated with Dolgencorp, LLC.

8.   Dolgencorp, LLC is the only proper entity associated with Dollar General as alleged in the Complaint.

9.   I make this Affidavit with full knowledge of the penalties associated with giving false sworn statements to authorities.

By: _____

Sworn and Subscribed before me this
20th day of February, 2019

Notary Public



## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing Notice of Removal was served

via first class mail, postage pre-paid, upon the following on the date indicated below:

Marc F. Greenfield, Esquire
Spear Greenfield Richman Weitz & Taggart PC
Two Penn Center Plaza, Ste. 200
1500 JFK Blvd.
Philadelphia, PA 19102

PISANO LAW FIRM

By:        _____
           Matthew T. Pisano, Esquire (MP8104)
           Attorneys for Defendant
           Dolgencorp, LLC

Date: 7/24/19