IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| LARRY BENNETT | CIVIL ACTION |
|---|---|
| v. | NO. 19-03214 |
| DOLLAR GENERAL, INC. & DOLGENCORP, LLC. | |

Baylson, J.                                                                                                          July 13, 2020

**MEMORANDUM RE MOTION FOR SUMMARY JUDGMENT**

**I.     Introduction**

In this action, Plaintiff Larry Bennett alleges that he sustained injuries when he slipped and fell by the main entrance of a Dollar General as a result of the negligence of Defendants Dollar General, Inc. and Dolgencorp, LLC (together, "Defendant"). He has since brought a premises liability negligence action in which he alleges that his fall was caused by water on the floor of the store creating a hazardous condition. (ECF 1 Ex A; ECF 12.2).[1] Now, Defendant moves for summary judgment on the claim pursuant to Fed. R. Civ. P. 56(a). (ECF 12).[2] For the reasons that follow, Defendant's motion is DENIED.

**II.    Factual Allegations**

The parties do not dispute the basic facts of the case, and agree that closed-circuit video footage Defendant produced accurately depicts Plaintiff's incident. (Mot. SJ - SUMF ¶¶ 14-15.)

---

[1] ECF 12.2 contains three documents: a copy of Plaintiff's Complaint marked as Exhibit A ("Compl."), the transcript of Plaintiff's January 7, 2020 deposition marked as Exhibit B ("Bennett Dep."), and a local climatological data chart marked as Exhibit D ("Weather Chart"). When this memorandum refers to page numbers of documents in ECF 12.2, it uses the document's original pagination.

[2] ECF 12 contains two documents: Defendant's Motion for Summary Judgment ("Mot. SJ") and a Memorandum of Law in Support of the Motion for Summary Judgment ("Def. Mem. Law"). When this memorandum refers to page numbers of documents in ECF 12, it uses the document's internal pagination. The Mot. SJ contains a Statement of Undisputed Material Facts ("SUMF").

1

Plaintiff visited the Dollar General in question with his daughter on January 4, 2018 at 11:23 am. (Id. ¶¶ 1, 5, 16.) It was snowing at the time; one and a half inches of blowing snow was recorded in Philadelphia from 9:54 am to 10:54 am with an additional half inch falling until 12:01 pm. (Id. ¶ 17.) While walking to the store, Plaintiff encountered an inch or two of snow. (Id. ¶ 18.) Plaintiff entered the store and held the door for his daughter who was behind him, while facing her. (Id. ¶ 5.) A "caution wet floor" sign and walk off mat were deployed inside the entrance of the store. (Id. ¶ 16.) Upon entering the store Plaintiff stepped onto the mat, exited the mat without having wiped his shoes, and then fell when he stepped onto the tile floor with his right foot. (Id. ¶¶ 7, 16.) Plaintiff did not notice any water on the floor until after his fall. (Id. ¶¶ 10.)

### III.  Procedural History

On June 27, 2019, Plaintiff filed a complaint based on his fall in the Philadelphia Court of Common Pleas. (ECF 12.2.) On July 25, 2019, Defendant removed this action to this Court. (ECF 1.) Defendant filed an Answer on August 26, 2019. (ECF 3.) Following discovery, on April 15, 2020, Defendant moved for summary judgment pursuant to Fed. R. Civ. P. 56(a). (ECF 12.) On April 29, 2020, Plaintiff responded. (ECF 13.)[3] Defendant did not file a reply to Plaintiff's Response.

### IV.  Legal Standard

Summary judgment is appropriate if the movant can show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict

---

[3] ECF 13 contains two documents: Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment (pages 1-13 of ECF 13) ("Resp.") and a Memorandum of Law in Support of Plaintiff's Response (pages 11-19 of ECF 13) ("Pl. Mem. Law"). This memorandum references the ECF page numbers of each document.

for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it "might affect the outcome of the suit under the governing law." Id.

A party seeking summary judgment bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325. Summary judgment is appropriate if the non-moving party fails to rebut the motion by making a factual showing "that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." Id. Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party. Anderson, 477 U.S. at 255.

This Court has diversity subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a). A federal court exercising diversity jurisdiction must apply the substantive law of the state in which it sits. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). Therefore, this Court must apply Pennsylvania negligence law.

**V.   Discussion**

    A.   Legal Framework

Under Pennsylvania law, visitors to a store are "business invitees," and "[t]he duty owed to a business invitee is the highest duty owed to any entrant upon land." Pace v. Wal-Mart Stores East, LP, 337 F. Supp. 3d 513, 518 (E.D. Pa. 2018) (Baylson, J.) (quoting Campisi v. Acme Markets, Inc., 915 A.2d 117, 119 (Pa. Super. Ct. 2006)), aff'd, 799 F. App'x 127 (3d Cir. 2019). A "landowner is under an affirmative duty to protect a business visitor not only against known

dangers but also against those which might be discovered with reasonable care." Marshall v. Brown's IA, LLC, 213 A.3d 263, 270 (Pa. Super. Ct. 2019) (quoting Emge v. Hogosky, 712 A.2d 315, 317 (Pa. Super. Ct. 1998)). The Pennsylvania Supreme Court has adopted § 343 of the Restatement (Second) of Torts for the liability of possessors of land such as store owners. See Carrender v. Fitterer, 503 Pa. 178, 185 (1983). That Restatement section provides:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>> (c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343 (1965).

However, the "mere fact that an accident occurred does not give rise to an inference that the injured person was the victim of negligence." Pace, 337 F. Supp. 3d at 519 (quoting Cox v. Wal-Mart Stores E., L.P., 350 Fed. App'x 741, 742 (3d Cir. 2009). Instead, to prevail on a negligence claim, a party must establish the following:

> (1) a duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks;
> (2) a failure to conform to the standard required;
> (3) a causal connection between the conduct and the resulting injury; and
> (4) actual loss or damage resulting in harm to the interests of another.

Id. (quoting Felix v. GMS, Zallie Holdings, Inc., 501 Fed. App'x 131, 134 (3d Cir. 2012)) (line breaks added). A negligence claim "need not be proved by direct evidence, but may be inferred from attendant circumstances if the facts and circumstances are sufficient to reasonably and legitimately impute negligence." Miller v. Hickey, 81 A.2d 910, 914 (Pa. 1951).

4

B.     Parties' Arguments

        1.    *Defendant's Motion for Summary Judgment*

In its Memorandum of Law in Support of its Motion for Summary Judgment, Defendant contends that it is entitled to summary judgment for three reasons. First, because there is no evidence that there was actually water on the floor of the store, or that any such water caused Plaintiff to slip. (Def. Mem. Law at 4-5.) Second, because Plaintiff cannot establish the length of time any water was on the floor, and so he cannot prove that Defendant had either notice or constructive notice of the water. (Id.) Finally, because Plaintiff was clearly comparatively negligent, precluding recovery, because he was not looking at where he was going.

        2.    *Plaintiff's Response to Defendant's Motion for Summary Judgment*

In his Response Memorandum, Plaintiff argues that Defendant's motion should be denied because genuine issues of material fact still exist on each of the grounds for summary judgment Defendant identifies. First, Plaintiff argues that there is evidence that there was water on the floor: video footage of the store entrance clearly shows the person who entered the store before Plaintiff slipping as she steps off the mat, and Defendant had put up a "Caution – Wet Floor" sign. (Pl. Mem. Law at 11-12.)[4] Second, Plaintiff argues that the presence of the "Caution – Wet Floor" sign at all material times suggests that Defendant had both constructive notice and actual notice of the conditions of the store's floor that day. (Id. at 17.) Finally, Plaintiff contests Defendant's comparative negligence argument by arguing that comparative negligence is a fact question, and

---

[4] Plaintiff also argues Defendant committed spoliation of evidence. On January 10, 2018, Plaintiff sent Defendant a preservation letter requesting Defendant preserve any footage of the store's entranceway from six hours prior to the incident and until three hours after. (Pl. Mem. of Law at 12.) Plaintiff contends that the additional footage could have provided important information about conditions in the store and Defendant's knowledge of said conditions. (Id. at 15.) Because the Court concludes that Plaintiff's claim can survive summary judgment without deciding whether Defendant committed spoliation of evidence, it will not address the issue in this case.

the evidence shows he was "acting as a reasonably prudent individual and did nothing out of the ordinary." (Id.)

    C.    Analysis

        1.    *Breach of the Duty of Care*

To establish liability in a slip-and-fall premises liability case such as this one, an "invitee must present evidence which proves that the store owner deviated in some way from his duty of reasonable care under the existing circumstances." Rodriguez v. Kravco Simon Co., 111 A.3d 1191, 1193 (Pa. Super. Ct. 2015) (quoting Zito v. Merit Outlet Stores, 647 A.2d 573, 575 (Pa. Super. Ct. 1994)). This evidence must show either the proprietor of the land had a hand in creating the harmful condition, or it had actual or constructive notice of such condition. Id. In Rodriguez, the Superior Court of Pennsylvania reversed a grant of summary judgment because the plaintiff presented evidence that "at least cast[] a doubt as to the existence of a question of material fact," creating a possibility that the defendant breached its duty of care. Id. at 1196.

Here, Defendant argues that Plaintiff cannot show that it breached any duty of care, because Plaintiff cannot offer any evidence that there was water on the floor of the store or the length of time any water was on the floor prior to his fall. (Def. Mem. Law at 4.) However, the record contains evidence that more than "casts a doubt": it allows a reasonable juror to infer there was water on the floor and that Defendant had constructive notice of the water.

Plaintiff has presented evidence from which a reasonable juror could infer that there was water on the floor. Here, the parties agree that it had been snowing the morning of Plaintiff's incident, and the climatological data chart Plaintiff provided, as well as Plaintiff's deposition testimony, support that conclusion. (Mot. SJ – SUMF ¶ 17; Resp. at 8; Weather Chart at 3-4; Bennett Dep. at 50:9-12.) An active snowstorm makes it more likely that customers entering a

6

store will track snow inside. Snow melts into water. Additionally, Defendant contends in its own defense that the "Caution – Wet Floor" sign was deployed at all material times along with the walk-off mat. (Mot. SJ - SUMF ¶ 16.) And, finally, security camera footage shows that another customer who entered the store before Plaintiff slipped slightly after stepping off the mat in the entranceway. (Mot. SJ. Ex. C at 11:22:50.) Defendant contends Plaintiff's assertion that water "had to have been" the source of his fall is a "pure guess." (Def. Mem. Law at 5.) Although Plaintiff admits he did not personally see water before he fell, given that he was not looking at the ground and the evidence he presented, that is not dispositive. (Bennett Dep. at 63:24 – 64:5.) Given that it was snowing, that Dollar General took precautionary measures consistent with the presence of water, and that video evidence shows another customer slipped on the entranceway floor a reasonable juror could infer that snow had melted onto the floor of the store and made it wet.

Plaintiff has presented evidence from which a reasonable juror could infer that Defendant had notice. "Weather conditions can only support an inference of actual or constructive notice of a hazardous condition when coupled with evidence that the defendant had knowledge of both the weather condition at the time of the accident and the fact that the weather condition created hazards on the premises." Tameru v. W-Franklin, L.P., 350 Fed. App'x 737, 740 (3d Cir. 2009) (citing Cohen v. Food Fair Stores, Inc., 155 A.2d 441, 442–43 (Pa. Super. Ct. 1959)). Again, the parties agree that it had been snowing the morning of Plaintiff's incident, and there is record evidence that the snow had been falling for about two and a half hours. (Mot. SJ – SUMF ¶ 17; Resp. at 8; Weather Chart at 3-4; Bennett Dep. at 50:9-12.) Additionally, Defendant had a "Caution – Wet Floor" sign and a walk-off mat deployed at all material times. (Mot. SJ – SUMF ¶ 16.) Given that there was snow accumulation prior to Plaintiff's arrival at the store and the Dollar General

employees took steps to mitigate risks presented by inclement weather, a reasonable juror could infer that Defendant was aware of any water inside the store's entranceway.

2. *Comparative Negligence*

Under Pennsylvania's Comparative Negligence Act, a plaintiff who was comparatively negligent may recover so long as his negligence "was not greater than the causal negligence of the defendant or defendants against whom recovery is sought." 42 Pa. Cons. Stat. § 7102. Defendant contends that the Court can conclude as a matter of law that Plaintiff was comparatively negligent because he was not paying attention to his walkway. (Def. Mem. Law at 5-6.) Plaintiff responds by arguing that the question of a plaintiff's comparative negligence is generally a question of fact to be decided by a jury. Plaintiff also argues that the evidence shows he acted as a "reasonably prudent individual and did nothing out of the ordinary." (Pl. Mem. Law at 17.)

Here, the facts do not demonstrate that Plaintiff's negligence is so clearly greater than Defendant's that comparative negligence can be decided as a matter of law. "[I]t is well-known that … comparative negligence, may not be found by the court as a matter of law unless the facts so clearly reveal the plaintiff's negligence that reasonable minds could not disagree as to its existence." O'Brien v. Martin, 638 A.2d 247, 249 (Pa. Super. Ct. 1994). Defendant concedes that comparative fault determinations are better left to a jury. Further, Plaintiff was assisting his daughter while entering the Dollar General, and the hazard he encountered was of a transient nature. A reasonable juror could conclude that Plaintiff, although distracted, was not comparatively negligent because it was appropriate for him to hold the door for his family member. The cases Defendant cites to argue Plaintiff should have been paying closer attention to his walkway are not sufficiently analogous to persuade the Court that it should find Plaintiff comparatively negligent as a matter of law. Given that the source of Plaintiff's distraction was commonplace, reasonable

8

minds could certainly disagree as to whether Plaintiff acted negligently at all while walking through the store's entranceway. This precludes a finding that Plaintiff cannot recover as a matter of law because of comparative negligence.

## VI. Conclusion

Because evidence in the record supports inferences that there was water on the floor of the store creating a hazardous condition and that Defendant had constructive notice of the hazard, and the issue of comparative negligence is not so clear that it can be decided as a matter of law, Defendant's motion for summary judgment must be denied.

An appropriate Order follows.

O:\CIVIL 19\19-3214 Bennett v Dollar GEneral\19cv3214 memo re MSJ.docx